# CHARLESTON.

HARRY MAZO v. J. L. BURKE et al.

(No. 5598)

Submitted May 18, 1926.          Decided May 25, 1926.

CHATTEL MORTGAGES—*Where Landlord's Statutory Lien for Rent Attaches to Personal Property of Lessee.Prior to Recordation of Trust Deed Thereon, Landlord's Lien Takes Priority Over Trust Deed (Code, c. 93, §11).*

Where a landlord's statutory lien for rent attaches to personal property of the lessee, prior to the recordation of a trust deed on such property, the landlord's lien takes priority over the trust deed. Point 1, Syl., *Pepsi-Cola Bottling Co.* v. *Indian Rock Bottling Co.*, 98 W. Va. 269.

(Chattel Mortgages, 11 C. J. § 404. Landlord and Tenant, 36 C. J. § 1496 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Proceeding by Harry Mazo against J. L. Burke and others. Judgment for defendants, and plaintiff brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Jean F. Smith* and *C. S. Welch,* for plaintiff in error.
*J. L. Burke* by *J. H. Strickling,* for defendants in error.

HATCHER, JUDGE:

In 1923 J. L. Burke procured a lease for years of a room in a building in the city of Huntington, from Harry Mazo. Burke fitted up the room at his own expense, and conducted it as a restaurant until about June 1, 1924. About that date Burke agreed to sell the restaurant fittings to V. W. Gould, provided Gould could lease the room from Mazo. Such lease from Mazo to Gould was secured June 3, 1924, but Mazo says he treated Gould as his tenant from June 1. Shortly after Gould obtained the lease (time not definitely fixed), Burke sold the restaurant fittings to Gould on credit, and Gould executed a deed of trust thereon to secure Burke in the payment of the purchase price. Burke says he treated the sale to Gould as having been made on June 1. The trust deed is dated June 1, but was not acknowledged until June 6, and was not recorded until June 11. Not knowing that Gould would be able to obtain a satisfactory lease from Mazo, Burke paid the June rent on June 2. After Gould secured the lease Burke surrendered to Mazo his lease and was repaid the June rent by Gould.

Gould failed to pay the rent for September and October, 1924, and on October 16 Mazo had a distress levied on the restaurant fittings. Thereupon, Burke claimed that the lien of his deed of trust on this property was superior to the landlord's lien. In a proceeding in the Circuit Court of Cabell County, Burke's claim was upheld and Mazo secured a writ to this court.

Sec. 11, Ch. 93, Code, under which this distress was made, is in part as follows: ''The distress may be levied on any goods of the lessee, or his assignee or under tenant, found on the premises, or which may have been removed therefrom not more than thirty days. If the goods of such lessee, assignee or under tenant, when carried on the premises are subject to a lien, which is valid against his creditors, his interest only in such goods shall be liable to such distress. If any lien be created thereon while they are upon the leased premises, they shall be liable to distress, but for not more than one year's

rent, whether it shall have accrued before or after the creation of the lien.''

Burke contends that he still owned the restaurant fittings on June 3, when Gould secured the lease from Mazo; that while the goods never left the premises, the legal status is the same as if he had taken away his goods when Mazo leased to Gould, sold them to Gould, taken a deed of trust thereon while they were off Mazo's property, and then Gould had ''carried'' them back on the property. He says that the fact of his trust deed not being recorded until June 11 is not material, because he told Mazo that he was taking a deed of trust on his fixtures.

This contention is very ingenious, but it does not conform to the evidence in the case. The evidence is that when Gould secured his lease, Burke sold him the restaurant fittings. Prior to that time their minds had met on the price and terms, and they had agreed that the sale should take place when Gould secured the lease. The giving of the deed of trust on the restaurant fittings itself implied that Gould already had title thereto. Gould referred to the fittings in this instrument as property ''belonging to me''. The exact date of the execution of the trust deed is not proven, but under the evidence it was subsequent to and not concurrent with the sale to Gould. The sale was certainly consummated before June 11, the day the trust deed was recorded. The very moment Gould purchased the property—that moment the landlord's lien attached thereto. ''The statutory lien attaches, as regards chattels, at the beginning of the tenancy or as soon as the chattels are brought upon the premises''. 36 C. J. p. 490, par. 1461.

The mere fact that Mazo knew that sometime in the deal Burke intended to take a deed of trust from Gould would not subordinate Mazo's lien, once acquired, to the lien of Burke, which did not become valid against creditors of Gould until June 11. Burke does not claim that he told Mazo of the actual execution of the trust deed.

This case is no different in principle from that presented in *Pepsi-Cola Bottling Co.* v. *Indian Rock Bottling Co.*, 98 W. Va. 269. In that case, citing *Abney* v. *Ohio Co.*, 45 W. Va.

446 and *Poling* v. *Flanagan,* 41 W. Va 191, we held that whatever may have been told the landlord as to the intention of the lessee to execute a deed of trust, the landlord's lien attached before the trust deed was recorded, and that was sufficient to give the landlord's lien priority.   Point 1 of the syllabus in that case is: ''A landlord's statutory lien for rent attaches from the beginning of the tenancy; and where personal property of the lessee is on the leased premises at the beginning of the tenancy, the landlord's lien for rent takes priority over an unrecorded deed of trust on such property whether executed prior to or after the beginning of the tenancy.''

The lease between Mazo and Gould, which is in writing, was not made a part of the record.   The evidence does not disclose the landlord's rights thereunder.   Consequently, instead of entering judgment for Mazo here, we reverse the judgment of the lower court, set aside the verdict of the jury, and remand the case for a new trial not inconsistent with the views herein expressed.

*Judgment reversed; verdict set aside; new trial awarded.*